UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELLY JENKINS )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>CREDITORS INTERCHANGE, )<br>INC )<br>)<br>Defendant )<br>) | Case Number<br><br>CIVIL COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Kelly Jenkins, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Kelly Jenkins, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District.

### III. PARTIES

4. Plaintiff, Kelly Jenkins, is an adult natural person residing at 891 Red Hill Church Road, Dunn, North Carolina 28334. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Creditors Interchange, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the state of North Carolina and the state of New Jersey with addresses at 80 Holtz Drive, Buffalo, NY 14225 and 208 W State Street, Trenton, New Jersey 08608-1002.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about August 5, 2010, Plaintiff received a notice from the Defendant on a debt allegedly owed to Chase Manhattan Bank. **See Exhibit "A" (notice) attached hereto.**

8. Defendant's notice informed the Plaintiff that they were initiating collection efforts to recover a total amount due of $20,280.84.

9. On or about September 10, 2010, Plaintiff received a call from Defendant to her place of employment; Plaintiff informed Defendant's agent that she could not receive calls there.

10. Defendant's agent stated that they would mark the file accordingly and be sure not place any further calls to Plaintiff's place of employment.

11. On or about that same day, Plaintiff received a second notice from the Defendant. **See Exhibit "B" (notice) attached hereto.**

12. Defendant's notice offered a settlement with a seventy percent (70%) discount on the total amount due as long as the Plaintiff paid $6,084.25 in full before September 25, 2010.

13. Unfortunately, Plaintiff was financially unable to accept Defendant's settlement offer.

14. Within a few days, the Plaintiff began receiving calls again to her place of employment.

15. Plaintiff again informed Defendant and their agents that she could not receive calls at work and that if they continued it could jeopardize her job.

16. Despite being told several times to stop, Defendant continued to place calls to Plaintiff at her place of employment.

17. On or about October 29, 2010, Plaintiff received another call at work from Defendant's agent, "Ken Mik".

18. Plaintiff was out of work that day, however, Defendant's agent spoke to a co-worker of the Plaintiff.

19. Plaintiff's co-worker was told to relay a message to the Plaintiff that the Defendant was calling on an extremely urgent matter and that he needed a call back that day.

20. Plaintiff received a call at home from her co-worker informing her to call Defendant's agent, "Ken Mik", at 866-896-5257, ext 3684 and to reference account #14407265 as soon as possible.

21. On or about that same day, Plaintiff called Defendant's agent, "Ken Mik", back demanding again that they stop call her at her place of employment.

22. Plaintiff reminded Defendant's agent that she had told Defendant on several occasions to stop placing calls to her work.

23. Defendant's agent told the Plaintiff that nowhere in her file did it mention that they could not contact her in work and that they would continue to do so to try and get payment on this debt.

24. Plaintiff informed them that she could not make a payment at this time, but that she would contact Defendant as soon as she was able.

25. Plaintiff continues to receive calls to her work.

26. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

27. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

28. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

29. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

31. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

32. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

33. The above paragraphs are hereby incorporated herein by reference.

34. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

35. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692c(a)(1)   At any unusual time, unusual place, or unusual time
 & place known to be inconvenient to the consumer

| | | |
|---|---|---|
| §§ 1692c(a)(3) | | At place of employment when knows that the employer prohibits such communications |
| §§ 1692c(b) | | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d | | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Creditors Interchange, Inc., for the following:

 a. Actual damages;

 b. Statutory damages pursuant to 15 U.S.C. § 1692k;

 c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

 d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

              **Respectfully submitted,**

              **WARREN & VULLINGS, LLP**

**Date: November 15, 2010**    BY: */s/ Bruce K. Warren*
               Bruce K. Warren, Esquire


              */s/ Brent F. Vullings*
              Brent F. Vullings, Esquire

              Warren & Vullings, LLP
              1603 Rhawn Street
              Philadelphia, PA  19111
              215-745-9800   Fax 215-745-7880
              Attorney's for Plaintiff